FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 2 2 2017

JAMES N. HATTEN, Clerk
By ~~Deputy Clerk~~

Amelia S. Larcheveaux, Pro Se
7079 Pleasant Drive
Austell, GA 30168
404-790-9833 Cell
Amelia.Larcheveaux@cobbcounty.org
Or 678-234-2249 AdreanL@mindspring.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMELIA S. LARCHEVEAUX, ADMINISTRATOR
FOR THE ESTATE OF ANDREW DEMETRIUS
LARCHEVEAUX (DECEDENT)

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant

Case No.:

# 1:17-CV-0656

## **COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff, Amelia S. Larcheveaux ("Amelia"), as the proper court appointment of Administrator for the Estate of Andrew D. Larcheveaux ("Decedent"), for her Complaint against the Defendant, United States of America, states as follows:

## **INTRODUCTION**

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b), for the wrongful death of my brother, Andrew Demetrius Larcheveaux, for what I believe to be medical negligence and medical malpractice on the part of the Department of Veterans Affairs at the Atlanta Veterans Affairs Medical Center.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b), for money damages as compensation for the wrongful death of the Decedent caused by the Defendant's medical negligence and medical malpractice.

3. Plaintiff Amelia has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. *Standard Form 95 and Exhibits are attached as Exhibit 1.*

4. This suit has been timely filed, in that Plaintiff Amelia timely served notice of her claim on the Department of Veterans Affairs, within two years of the death of the Decedent. *See date on the Standard Form 95 and Acknowledgement Letter attached as Exhibit 2.*

5. Plaintiff Amelia is now filing this Complaint pursuant 28 U.S.C. §2401(b) after receiving the Department of Veterans Affairs' August 23, 2016 notice of "final denial of administrative claim." This was after the first denial of this claim dated December 23, 2015 and a "Request for Reconsideration of

- 1

Denial of Wrongful Death Claim" dated June 23, 2016. Even a letter to the Cobb County Probate Court form the Department of VA's Chief Counsel, requesting assistance in appointing an Administrator of the Decedent's Estate. *All Denials and Requests are attached as Exhibits 3-6.*

6. Plaintiff Amelia is now filing this Complaint after the Probate Court of Cobb County State of Georgia, granted an order allowing Amelia Larcheveaux to qualify as Administrator of the Estate of Andrew Demetrius Larcheveaux, Decedent. *See attached Order for hearing and Letters of Administration as Exhibits 7.*

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Amelia is, and at all time relevant hereto was, a resident of Cobb County, Georgia, which was also the residence of the Decedent. This residence is 7079 Pleasant Drive, Austell, GA 30168.

2. Defendant United States of America, including its directors, officers, operators, administrators, employees, and staff at the Atlanta VA Medical Center are hereinafter referred to as "Atlanta VA Medical Center," is located in this venue.

3. At all times relevant to this Complaint, the Atlanta VA Medical Center held themselves to out to the Decedent, Plaintiff and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Decedent.

4. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

5. Venue is proper under 28 U.S.C. §1402(b), in that all, or a substantial part of the acts and omissions forming basis of these claims occurred in the Northern District of Georgia.

## BASIS OF CLAIM

1. Andrew D. Larcheveaux (decedent), died September 5, 2013 at 9:07pm, as stated on his death certificate, with the immediate cause of death as 'possible fatal heart attack', due to the consequence of 'colon cancer resection'. I believe that the colon resection surgery was the underlying cause the decedent's demise.

2. He was diagnosed with colon cancer in 2004. The VA has been his primary caregiver during this time. The colon cancer went into remission but redeveloped in early 2013. Decedent was originally scheduled for surgery around the end of July/first of August, but his physician postponed the surgery date due to his personal schedule, showing that my brother's surgery (colon cancer) was not critical. The surgery was performed August 28, 2013 and according to his surgeon the surgery was a success. When my family members and I visited my brother after his surgery, his doctor stated that his colon was very lengthy (meaning he did not need a colonoscopy bag) and that it was easy to perform the surgery and the cancer was gone. At that time, the nurses were very unprofessional and rude.

3.  The second time I visited him, he was not is his regular room but was moved to ICU for observance. My brother complained of pain in his abdominal area (it was very bloated) and he was short of breath. His breathing was not normal. He was in ICU that Labor Day weekend. He was visited by several family members that weekend and they all saw that his breathing was not normal, but figured the doctors, nurses and hospital knew what they were doing.

4.  He was discharged on Wednesday, September 4, 2013. He was not due for a follow up, until 10-14 days. Speaking with him on the phone that day, I could still hear the wheezing sound in his breathing, like he was out of breath (not getting enough air). My sister, Adrean S. Larcheveaux, visited him the next day and was told that he lost a lot of blood and had vomited the night before. He stated he didn't have much of an appetite. He looked bloated and his breathing was still not right. He still had a shortness of breath (wheezing sound) according to her. He told her, he wanted to rest and thought he would feel better after he rested. Later, that night, he stopped breathing around 9 pm. He was rushed to the nearest hospital where he was pronounced dead.

5.  After his death, my family and I had a meeting with David Bower MD COS, Atef Salam, MD, Chief of Surgery, and Sonja Reid RN, Risk Manager. They offered their condolences. We explained what we believe to have happened, that my brother, Andrew D. Larcheveaux, should not have discharged that early with that type of breathing. They stated that they had safe guarded my brother against blood clots (prophylaxis for thromboembolism), but he died from a possible fatal heart attack anyway. They told us the ambulance company and medical examiner stated possible causes of the sudden death after his discharge included, aspiration from vomiting, a blood clot to his lungs, and bleeding.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Amelia S. Larcheveaux, does hereby pray that judgement be entered in her favor and against the Defendant as follows:

1.  The average human life span is 75 years, and my brother lost his life at the tender young age of 46. That is 29 years of his life I feel he was shorted due to the medical negligence and medical malpractice of this surgery. That is why I am asking for **$29,000,000.00** in damages. One million dollars for each year of his expected life. Or any equity that this Court may deem as proper.

Respectfully Submitted, Dated this 22nd of February, 2017.

Amelia S. Larcheveaux, Pro Se
Amelia.Larcheveaux@cobbcounty.org
404-790-9833 or AdreanL@mindspring.com

- 3

Exhibit I        pg. 1/7

| CLAIM FOR DAMAGE, INJURY, OR DEATH | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>VA Atlanta Regional Office<br>1670 Clairmont Rd<br>Decatur, GA 30033 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>Amelia S. Larcheveaux<br>7079 Pleasant Drive<br>Austell, GA 30168 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>02/10/1970 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>09/05/2013    Thursday | 7. TIME (A.M. OR P.M.)<br>9:07pm |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The death of Andrew D. Larcheveaux. See attached additional pages.
Also attached Progress Notes (printed Nov. 20, 2013) page 35
A copy of Andrew's Death Certificate
Discharge Instructions

| 9. | PROPERTY DAMAGE | |
|---|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH | |
|---|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Decedent -- Andrew Demetrius Larcheveaux, SSN 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, Date of Death September 5, 2013. Possible fatal heart attack after colon resection surgery, per death certificate.
See #8. Basis of Claim attached.

| 11. | | WITNESSES | |
|---|---|---|---|
| NAME | | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Adrean S. Larcheveaux | | 1302 Ambercrest Way, Austell, GA 30168 (678-234-2249) | |
| Terence S. Larcheveaux | | 7079 Pleasant Drive, Austell, GA 30168 (678-200-0214) | |

| 12. (See instructions on reverse). | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH<br><br>29,000,000 | 12d. TOTAL (Failure to specify may cause forfeiture of your rights).<br><br>29,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br><br>*Amelie S. Larcheveaux* | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br><br>404-790-9833cell/ 678-234-2249alt. | 14. DATE OF SIGNATURE<br><br>09/04/2014 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

Exhibit 1    Page 2/7

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

N/A

| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No | 17. If deductible, state amount. |
|---|---|
| N/A | 0.00 |

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  Principal Purpose: The information requested is to be used in evaluating claims.
C.  Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  Effect of Failure to Respond: Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

8. BASIS OF CLAIM CONTINUED:

I, Amelia S. Larcheveaux (note I am his stated Next of Kin), am filing a claim against the U.S. Dept. of Veterans Affairs for the wrongful death of my brother, Andrew Demetrius Larcheveaux, for what I believe to be medical negligence and medical malpractice.

Andrew D. Larcheveaux (decedent), died September 5, 2013 at 9:07pm, as stated on his death certificate, with the immediate cause of death as 'possible fatal heart attack', due to the consequence of 'colon cancer resection'. I believe that the colon resection surgery was the underlying cause the decedent's demise.

He was diagnosed with colon cancer in 2004. The VA has been his primary caregiver during this time. The colon cancer went into remission but redeveloped in early 2013. Decedent was originally scheduled for surgery around the end of July/first of August, but his physician postponed the surgery date due to his personal schedule, showing that my brother's surgery (colon cancer) was not critical. The surgery was performed August 28, 2013 and according to his surgeon the surgery was a success. When my family members and I visited my brother after his surgery, his doctor stated that his colon was very lengthy (meaning he did not need a colonoscopy bag) and that it was easy to perform the surgery and the cancer was gone. At that time, the nurses were very unprofessional and rude.

The second time I visited him, he was not is his regular room but was moved to ICU for observance. My brother complained of pain in his abdominal area (it was very bloated) and he was short of breath. His breathing was not normal. He was in ICU that Labor Day weekend. He was visited by several family members that weekend and they all saw that his breathing was not normal, but figured the doctors, nurses and hospital knew what they were doing.

He was discharged on Wednesday, September 4, 2013. He was not due for a follow up, until 10-14 days. Speaking with him on the phone that day, I could still hear the wheezing sound in his breathing, like he was out of breath (not getting enough air). My sister, Adrean S. Larcheveaux, visited him the next day and was told that he lost a lot of blood and had vomited the night before. He stated he didn't have much of an appetite. He looked bloated and his breathing was still not right. He still had a shortness of breath (wheezing sound) according to her. He told her, he wanted to rest and thought he would feel better after he rested. Later, that night, he stopped breathing around 9 pm. He was rushed to the nearest hospital where he was pronounced dead.

After his death, my family and I had a meeting with David Bower MD COS, Atef Salam, MD, Chief of Surgery, and Sonja Reid RN, Risk Manager. They offered their condolences. We explained what we believe to have happened, that my brother, Andrew D. Larcheveaux, should not have discharged that early with that type of breathing. They stated that they had safe guarded my brother against blood clots (prophylaxis for thromboembolism), but he died from a possible fatal heart attack anyway. They told us the ambulance company and medical examiner stated possible causes of the sudden death after his discharge included, aspiration from vomiting, a blood clot to his lungs, and bleeding.

The average human life span is 75 years, and my brother lost his life at the tender young age of 46. That is 29 years of his life I feel he was shorted due to the medical negligence and medical malpractice of this surgery. That is why I am asking for $29,000,000.00 in damages. One million dollars for each year of his expected life.

Amelia S. Larcheveaux, September 4, 2014

Exhibit 1   pg. 4/7

# Progress Notes

Printed On Nov 20, 2013

LOCAL TITLE: INSTITUTIONAL DISCLOSURE OF ADVERSE EVENT
STANDARD TITLE: COMMUNICATION OF ADVERSE EVENT
DATE OF NOTE: SEP 24, 2013@15:52    ENTRY DATE: SEP 24, 2013@15:53:11
    AUTHOR: BOWER,DAVID JAMES    EXP COSIGNER:
    URGENCY:                            STATUS: COMPLETED


    INSTITUTIONAL DISCLOSURE OF ADVERSE EVENT

Date/Time of Discussion: Sep 23,2013@13:30

Place of Discussion (Reason for any delay in the disclosure):  3A218- First
available time for family

Names and identity of those present:  David Bower MD COS, Atef Salam MD, Chief
of Surgery; Sonja Reid RN, Risk Manager;
 Amelia Larcheveaux, sister; Andrean Larcheveaux, sister; Ashanti Phillips,
niece;
 Alan Phillips

Discussion points of the adverse event:  I initially thanked the family for
agreeing to meet and offered our deepest
 sympathy on behalf of the facility on the unexpected death of Mr. Larcheveaux.
 We discussed possible causes of the sudden death following discharge to include
 aspiration from vomiting, a blood clot to his lungs, bleeding.  I shared the
 information obtained from the ambulance company and the medical examiner (ME)
and
 explained the reasoning for why an autopsy was not conducted by the ME.

Offer of assistance, including arrangements for a second opinion, additional
monitoring, expediting clinical consultations, bereavement support:  We
discussed the possibility of offering an autopsy at this late date (several
 weeks post burial) and agreed to explore whether VA could do this.  Family
later
 decided against this as it was unlikely to find a definitive cause to the
death.
 We agreed to help expedite the death certificate.

Questions addressed in the discussion:  We discussed possible causes of death
and assured them patient was receiving
 appropriate prophylaxis for thromboembolism.

Advisement of 1151 claims process and right to file administrative
tort claim:  Their rights to file tort claim were explained and adverse event
brochure was
 provided along with explanation of process

Continued communication regarding the adverse event:  We provided contact
information for Chief of Staff and Risk manager in case other

---

**PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)**

LARCHEVEAUX,ANDREW D
7079 PLEASANT DR
AUSTELL, GEORGIA  30168

**VISTA Electronic Medical Documentation**

Printed at ATLANTA VAMC

Exhibit 1    ps. 5/7

## GEORGIA DEATH CERTIFICATE

B. STATE FILE NUMBER

| A - BIRTH CERTIFICATE NUMBER | | | | |
|---|---|---|---|---|
| 1. DECEDENT'S LEGAL FULL NAME (FIRST, MIDDLE, LAST) **ANDREW DEMETRIUS LARCHEVEAUX** | 1a. LAST NAME AT BIRTH (IF FEMALE) **N/A** | 2. SEX **MALE** | 2a. DATE OF DEATH (MO/DAY/YR) **SEPTEMBER 5, 2013** | |
| 3. SOCIAL SECURITY NUMBER **258 25 3758** | 4a. AGE (YEARS) **46** | 4b. UNDER 1 YEAR / MONTHS / DAYS | 4c. UNDER 1 DAY / HOURS / MINUTES | 5. DATE OF BIRTH (MO/DAY/YR) **6/8/1967** |
| 6. BIRTHPLACE (CITY AND STATE OR FOREIGN COUNTRY) **FORT BENNING, GEORGIA** | 7a. STREET AND NUMBER OF RESIDENCE **7079 PLEASANT DRIVE** | 7b. ZIP CODE **30168** | 7c. CITY OR TOWN OF RESIDENCE **AUSTELL** | |
| 7d. COUNTY OF RESIDENCE **COBB** | 7e. STATE OF RESIDENCE **GEORGIA** | 7f. COUNTRY **USA** | 7g. INSIDE CITY LIMITS ☒ Yes ☐ No ☐ Unknown | 8. ARMED FORCES ☐ Yes ☒ No ☐ Unknown |
| 9a. OCCUPATION **CAR SALESMAN** | 9b. NATURE OF BUSINESS **Retail** | 9c. EMPLOYER **Drive Time** | | |
| 9. MARITAL STATUS ☐ Married ☒ Divorced ☐ Married, but separated ☐ Never Married ☐ Widowed ☐ Unknown | 10. SPOUSE'S NAME (IF WIFE, GIVE NAME PRIOR TO FIRST MARRIAGE) **N/A** | 11. FATHER'S NAME (FIRST, MIDDLE, LAST) **LIONEL A. LARCHEVEAUX** | | |
| 12. MOTHER'S NAME PRIOR TO FIRST MARRIAGE (FIRST, MIDDLE, LAST) **ANDREA S. LOWE** | 13. DECEDENT'S EDUCATION (HIGHEST LEVEL) ☐ 8th grade or less ☐ 9th – 12th grade, no diploma ☒ High school graduate or GED completed ☐ Some college credit, but no degree ☐ Associate degree (e.g., AA, AS) / ☐ Bachelor's degree (e.g., BA, AB, BS) ☐ Master's degree (e.g., MA, MS, MEng, Med, MSW) ☐ Doctorate (e.g., PhD, EdD) or professional degree (e.g., MD, DDS, DVM, LLB, JD) ☐ Unknown | 14a. INFORMANT'S NAME (FIRST, MIDDLE, LAST) **ADREAN LARCHEVEAUX** | | |
| 14b. RELATIONSHIP TO DECEDENT **SISTER** | 14c. MAILING ADDRESS (STREET AND NUMBER, CITY, COUNTY, STATE, ZIP CODE) **1302 AMBERCREST WAY, AUSTELL, GEORGIA 30168, COBB COUNTY** | | | |
| 15. HISPANIC ORIGIN ☒ No, not Spanish/Hispanic/Latino ☐ Yes, Puerto Rican ☐ Yes, Mexican, Mexican American, Chicano ☐ Yes, Cuban ☐ Yes, other Spanish/Hispanic/Latino (specify) _____ ☐ Unknown | 16. DECEDENT'S RACE ☐ White ☐ Japanese ☐ Asian Indian ☐ Chinese ☐ Filipino / ☒ Black/African American ☐ Korean ☐ Vietnamese ☐ Native Hawaiian ☐ Guamanian/Chamorro / ☐ Samoan ☐ American Indian/Alaska Native ☐ Other Asian ☐ Other Pacific Islander ☐ Other _____ ☐ Unknown | | | |

| 17a. IF DEATH OCCURRED IN HOSPITAL ☐ Inpatient ☒ Emergency Room/Outpatient ☐ Dead on Arrival | 17b. IF DEATH OCCURRED OTHER THAN HOSPITAL ☐ Hospice Facility ☐ Nursing Home/Long Term Care Facility ☐ Decedent's Home ☐ Other ☐ Unknown | |
|---|---|---|
| 18. FACILITY NAME **WELLSTAR COBB HOSPITAL** | 19. FACILITY ADDRESS (STREET AND NUMBER, CITY, STATE, ZIP CODE) **3950 AUSTELL ROAD, AUGSTELL, GEORGIA 30106** | 20. COUNTY OF DEATH **COBB** |
| 21. METHOD OF DISPOSITION ☒ Burial ☐ Donation ☐ Removal from State ☐ Cremation ☐ Entombment ☐ Other | 22. PLACE OF DISPOSITION (NAME AND COMPLETE ADDRESS) **Green Acres Cemetery (Muscogee) 1485 Schatulga Rd. Columbus, GA 31907** | 23. DATE OF DISPOSITION (MO/DAY/YR) **Sept. 7-2013** |
| 24a. EMBALMER'S NAME & CERTIFIED INITIALS **EDWIN D. SHELTON** *E.D.S.* | | 24b. LICENSE NUMBER **3520** |
| 25. FUNERAL HOME NAME **HANLEY-SHELTON FUNERAL HOME** | 25a. FUNERAL HOME ADDRESS (STREET AND NUMBER, CITY, COUNTY, STATE, ZIP CODE) **473 LAWRENCE STREET MARIETTA, COBB, GEORGIA 30060** | |
| 26. FUNERAL DIRECTOR'S NAME (PRINT) **EVELYN S. SHELTON** | 26a. SIGNATURE OF FUNERAL DIRECTOR *Evelyn S. Shelton* | 26b. LICENSE NUMBER **2849** |

| 27. DATE PRONOUNCED DEAD (MO/DAY/YR) **Sept. 5-2013** | 28. TIME PRONOUNCED DEATH **2107 PM** | 29a. PRONOUNCER'S NAME AND TITLE (PRINT) **Mrunalee Mehta, MD** | |
|---|---|---|---|
| 29b. PRONOUNCER'S LICENSE NUMBER **58591** | | | 30. ACTUAL OR PRESUMED TIME OF DEATH **2107 PM** |

31. Part I. Enter the chain of events—diseases, injuries, or complications—that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE.

Approximate interval between onset and death

IMMEDIATE CAUSE (Final disease or condition resulting in death)
a. *Possible Fatal Heart Attack* — **Minutes**

Due to, or as a consequence of

Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST.
b. *Colon Cancer Resection* — **8 Days**

Due to, or as a consequence of
c.

Due to, or as a consequence of
d.

Part II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in Part I.

| 32. WAS AUTOPSY PERFORMED ☐ Yes ☒ No ☐ Unknown |
|---|

| 33. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? ☐ Yes ☒ No ☐ Unknown | 33a. WAS AN INJURY OF ANY KIND INDICATED IN THE CAUSE OF DEATH FOR PART I or PART II WITH THE DECEDENT ☐ Yes ☒ No ☐ Unknown | 34. WAS CASE REFERRED TO MEDICAL EXAMINER OR CORONER ☐ Yes ☒ No ☐ Unknown | |
|---|---|---|---|
| 35. TOBACCO USE CONTRIBUTE TO DEATH ☐ Yes ☐ No ☒ Unknown ☐ Probably | 36. IF FEMALE ☒ Not Applicable ☐ Not pregnant within the past year ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☐ Pregnant at the time of death ☐ Unknown if pregnant within the past year | 37. MANNER OF DEATH ☐ Accident ☒ Natural ☐ Could not be determined ☐ Pending Investigation ☐ Homicide ☐ Suicide | |
| 38. DATE OF INJURY (MO/DAY/YR) **N/A** | 39. TIME OF INJURY | 40. PLACE OF INJURY (e.g., Decedent's home, construction site, restaurant, wooded area) | 41. INJURY AT WORK ☐ Yes ☐ No ☐ Unknown |
| 42. LOCATION OF INJURY    STREET AND NUMBER    CITY    STATE    COUNTY    ZIP CODE | | | |
| 43. DESCRIBE HOW INJURY OCCURRED | | 44. IF TRANSPORTATION INJURY ☐ Driver/Operator ☐ Passenger ☐ Pedestrian ☐ Other | |

| 45. To the best of my knowledge death occurred at the time, date, place, and due to the cause(s) stated. Medical Certifier (Name, Title, License No.) (PRINT AND SIGN) **ATEF A. SALAM, M.D.  014020** *A. Salam* | 46. On the basis of examination and/or investigation, in my opinion death occurred at the time, date, and due to the cause(s) stated. Medical Examiner/Coroner (Name, Title, License No.) (PRINT AND SIGN) | |
|---|---|---|
| 45a. DATE SIGNED (MO/DAY/YR) **10/6/12** | 45b. HOUR OF DEATH **2107 PM** | 46a. DATE SIGNED (MO/DAY/YR) |  46b. HOUR OF DEATH |
| 47. PERSON COMPLETING CAUSE OF DEATH (NAME, ADDRESS, COUNTY, ZIP CODE) **ATEF A. SALAM, M.D., 1670 CLAIRMONT ROAD, DECATUR, GEORGIA 30033, DEKALB COUNTY** | | |
| 48. REGISTRAR SIGNATURE (PRINT AND SIGN) *Lillian Lopez Dep Milagros* | 49. DATE FILED (REGISTRAR) (MO/DAY/YR) **OCT 17 2013** | |

Form 3903 (Rev. 09/2008)

This certificate does not constitute a certified copy without the appropriate certification on the back.

Exhibit 1    PS. 6 17

"CERTIFICATE OF RECORD"

THIS IS AN EXACT COPY OF THE DEATH CERTIFICATE RECEIVED FOR FILING IN
COBB COUNTY, GEORGIA.

LOCAL CUSTODIAN          BY _____
                            LOCAL CUSTODIAN OFFICE

OCT 11 2013

DATE _____
        (SEAL)

```
--------------------------------------------------------------------------
MEDICAL RECORD                                              Progress Notes
--------------------------------------------------------------------------
```

NOTE DATED: 09/04/2013 07:50
LOCAL TITLE: DISCHARGE INSTRUCTIONS
STANDARD TITLE: DISCHARGE PLAN                 Exhibit 1  pg. 7M
ADMITTED: 08/29/2013 07:16 9SURG
DATE OF ADMISSION:  AUG 29,2013 07:16
DATE OF DISCHARGE: Sep 4,2013
TYPE OF DISCHARGE:
  To Home
DESCRIBE PHYSICAL ACTIVITY LIMITATIONS:
                          milk jug
No heavy lifting more than 50 lbs for two weeks.
CURRENT ACTIVE PROBLEMS:


Hypertension (ICD-9-CM 401.9)        Unspecified Sleep Apnea (ICD-9-CM
780.57)                              780.57)
Obesity (ICD-9-CM 278.00)            Hyperlipidemia (ICD-9-CM 272.4)
Tobacco Use Disorder (ICD-9-CM 305.1) Hypertrophy (Benign) of Prostate
without Urinary obstruction (ICD-9-CM 600.00)
Anxiety (ICD-9-CM 300.00/300.09)     Depressive Disorder NOS (ICD-9-CM
311./300.4)
Marijuana Dependence Episodic        ruptured appendix
Recurrent                            Colon Carcinoma (ICD-9-CM 153.9)
HTN                                  Depression
Tobacco abuse                        Hyperlipidemia

COMMENTS:
PLAN FOR FOLLOW-UP:

The following suggested plan for follow-up was discussed with the patient:

Follow up in general surgery clinic in 10-14 days.
MEDICATIONS: VA, non-VA, over the counter, herbal and nutritional
medications have been reconciled with the participation of the patient or
his family.  An updated medication list (if indicated) will be provided to
the patient/family member by the Discharge Pharmacist.
DISCHARGE ORDERS:



OUTPATIENT M  Sep 04, 2013@07:48 HYDROCODONE 5MG/ACETAMINOPHEN 325MG TAB
TAKE TWO TABLETS BY MOUTH EVERY 6 HOURS AS NEEDED FOR PAIN. STAT Quantity:
60 Refills: 1 *UNSIGNED*
OUTPATIENT M  Sep 04, 2013@07:48 DOCUSATE CAP,ORAL  100MG TAKE 1 CAPSULE
BY MOUTH TWICE A DAY FOR STOOL SOFTENER STAT Quantity: 60 Refills: 0
*UNSIGNED*
NURSING       Sep 04, 2013@07:47 >> PT MAY GO PATIENT MAY BE
DISCHARGED,ORDERS HAVE BEEN WRITTEN/REVIEWED. Patient may be discharged on
Sep 04, 2013@07:47
OTHER HOSPIT  Sep 04, 2013@07:47 >> RETURN TO CLINIC 10-14 days  Schedule
patient for follow-up appointment with (specify) General Surgery  Clinic.
*UNSIGNED*
NURSING       Sep 04, 2013@07:44 >> Hep lock IV
DISCHARGE DIETARY INSTRUCTIONS:
  Patient does not have any dietary restrictions at this time.

                    Signed by: /es/ MAGGIE L DILLER
                               SURGERY RESIDENT PGY 1
                               09/04/2013 07:52
```

```
--------------------------------------------------------------------------
LARCHEVEAUX,ANDREW D              ATLANTA VAMC        Printed:09/04/2013 08:07
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 DOB:06/08/1967  Pt Loc: 9SURG  9C120-2            Vice SF 509
--------------------------------------------------------------------------
```

Exhibit 2     ps. 112



DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF REGIONAL COUNSEL
1700 Clairmont Road
Decatur, Georgia 30033
(404) 929-5861
FAX (404) 929-5870

November 3, 2014

Mr. Andre Larcheveaux
7079 Pleasant Drive
Austell, GA 30168                                    GCL: 8722

Re: Administrative Tort Claim of Deceased Veteran Andrew Larcheveaux

Dear Mr. Larcheveaux:

This letter acknowledges receipt of your tort claim seeking $29,000 in damages for allegations
that veteran Andrew Larcheveaux underwent colon surgery on August 28, 2013 at the Atlanta
VA Medical Center, which contributed to a heart attack, and led to his death on September 5,
2014. The claim was received by the VA Regional Office on September 4, 2014. We received
your claim on October 31, 2014.

Your claim has been assigned to staff attorney Deborah Morrell. You can reach her at (404)
929-5857. A valid claim, under Federal law and the laws of Georgia, must be brought by a
"proper party" claimant. Under Georgia law, the "proper party" claimant would be the personal
representative of Mr. Larcheveaux's estate. The VA will begin investigating this claim upon
receipt of proper documentation indicating that a "proper party" personal representative of the
estate has been appointed and wishes to pursue the claim. Please provide probate court
documentation that shows you have been appointed as the personal representative or that you are
seeking appointment.

So this office can appropriately evaluate your claim, please provide the relevant information as
described in the enclosed regulation, unless you have already submitted the information
described. 28 C.F.R. Section 14.4. Information should be sent to the following address: Office
of Regional Counsel, 1700 Clairmont Road, Decatur, GA 30033.

Under federal law, the VA is granted six months from receipt of a claim during which time a
claimant cannot file a lawsuit on the claim. The VA will attempt to reach a decision during that
period. If the VA is unable to reach a final decision within six months, you may either file suit in
federal district court or else you may wait for our final decision.

Please note that Federal Tort Claims Act (FTCA) claims are governed by a combination of
federal and state laws. Some state laws may limit or bar a claim or lawsuit. The VA legal staff

Exhibit 2    pg. 2/2

handling FTCA claims work for the federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely yours,

*Deborah K. Morrell*
Deborah K. Morrell
Staff Attorney



**DEPARTMENT OF VETERANS AFFAIRS**
**Office of Chief Counsel, North Atlantic District South**
251 N. Main St., Winston-Salem, NC 27155
Fax 336-631-5041
In Reply Refer to: 8722

Exhibit 3
p. 1/2

Via Certified Mail

December 23, 2015

7013 0600 0001 2596 6790

Ms. Amelia Larcheveaux
7079 Pleasant Drive
Austell, GA 30168

  Re:  Wrongful Death Claim for Mr. Andrew Larcheveaux

Dear Ms. Larcheveaux:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding the administrative tort claim you filed on behalf of your brother's estate. Our adjudication of the claim included a review of your brother's medical records, a review of the claim by a medical reviewer in a different part of the country, and interviews of medical personnel.

Because you do not represent his estate we cannot resolve the claim. Because so much time has passed after informing you that we could only resolve the claim with the personal representative of your brother's estate, we have determined that the claim is not amenable to administrative resolution. When the claim was first received on October 31, 2014, an acknowledgment letter was sent requesting paperwork showing proper appointment of a representative of the estate. When this paperwork was not received, another letter was sent to you on February 11, 2015, requesting appointment letters. Several phone calls and emails followed advising that you were not the proper claimant for the estate per O.C.G.A. 51-5-2. The claim investigation was finalized on September 21, 2015; and it is our understanding that the paperwork was filed with the court requesting representation on October 29, 2015. The status update received last week was that Mr. Larcheveaux's minor daughter's mother is contesting appointment. You advised that court appointment is not expected for at least six months. Accordingly, this claim is hereby denied.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means:

  (1) by mail to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont
  Avenue, N.W., Washington, DC 20420; or
  (2) by data facsimile (fax) to (202) 273-6385.

To be timely, VA must <u>receive</u> this request within six months of the mailing of this final denial. The VA has six months to act on the reconsideration request. After that time, you have the option of filing suit in an appropriate U.S. District Court under 28 U.S.C. § 2675(a). 28 C.F.R. § 14.9.

In the alternative, if you are dissatisfied with the denial of your claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an

Exhibit 3                   p5. 2/2

administrative tort claim, the claimant may seek judicial relief in a Federal district court.  The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)).  In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Sincerely,

Daniel C. Rattray
Chief Counsel
356-631-5035

Via Facsimile (202) 273-6385

Exhibit 4
ps. 1/2

June 23, 2016

Department of Veterans Affairs
General Counsel (021B)
810 Vermont Avenue, N.W.
Washington, DC 20420

Re: Request for Reconsideration of Denial of Wrongful Death Claim for Andrew
      Larcheveaux------Refer to 8722

Dear General Counsel,

I, Amelia Larcheveaux, am requesting in a timely manner, a reconsideration to the
denial of the wrongful death claim, filed on behalf of my nephew, Andre'
Larcheveaux (son of the decedent).

The denial was based on the proper claimant representing Andrew Larcheveaux's
estate. As noted before, I have applied for Administrator of Andrew Larcheveaux's
estate with the Cobb County Probate Court and the Pretrial Hearing is scheduled
for June 30, 2016 (see attached notice).

I will contact you when I have been appointed Administrator of Andrew
Larcheveaux's estate.


Thank you for your consideration,



Amelia S. Larcheveaux

7079 Pleasant Drive
Austell, GA 30168
Cell# 404-790-9833
Alternate contact # 678-234-2249

Exhibit 4 pg. 2/2

## IN THE PROBATE COURT OF COBB COUNTY
## STATE OF GEORGIA

FILED IN OFFICE
2016 MAY 12 AM M: 15
PROBATE COURT OF
COBB COUNTY, GA

IN RE: ESTATE OF                    )              ESTATE NO. 16-0029E

ANDREW DEMETRUIS LARCHEVEAUX,       )
DECEASED.                           )

### NOTICE OF PRETRIAL HEARING

A pretrial hearing in the above-styled action will be held on **June 30, 2016 at 2:00 p.m.** in

Courtroom S, 32 Waddell Street, Marietta, Georgia.    Refer to Rule 8.2 (Pretrial Order) of the

Uniform Probate Court Rules to assist you in preparing a proposed order.    If the parties are able to

agree on a consolidated Pretrial Order, please submit the consolidated Pretrial Order to the Court

before the date of the pretrial hearing and the pretrial hearing will be removed from the calendar.  If

the parties are unable to agree and will submit separate proposed Pretrial Orders prior to the hearing,

. then the pretrial hearing will remain on the calendar.


SO ORDERED, this 12th day of May, 2016.

Kelli L. Wolk, Judge
Cobb County Probate Court

Exhibit S P5. 1/2



**DEPARTMENT OF VETERANS AFFAIRS**
**Office of Chief Counsel, North Atlantic District South**
251 N. Main St., Winston-Salem, NC 27155
Fax 336-631-5041
In Reply Refer to: 8722

7013 0600 0001 2597 7321

RECEIVED

JUL 1 4 2016

Sent Certified Mail

July 6, 2016

Cobb County Probate Court
Attn: Clerk of Court
32 Waddell Street
Marietta, GA 30090

Re:    Court Appointment for Estate of Mr. Andrew Larcheveaux

Dear Sir/Madam:

The Department of Veterans Affairs (VA) received an administrative tort claim filed by Ms. Amelia Larcheveaux, sister of Mr. Andrew Larcheveaux, pursuant to the Federal Tort Claims Act. By the completion of our investigation into the facts and circumstances surrounding the administrative tort claim on behalf of Mr. Larcheveaux's estate, the Agency had not received proper court appointment of a representative of his estate, so the claim was denied since Ms. Amelia Larchveveaux was not the proper claimant per O.C.G.A. 51-5-2.

We understand that Mr. Larcheveaux has two children: Andre Larcheveaux, who resides in Germany, and a minor daughter. Amelia Larcheveaux, the Veteran's sister, advised she had attempted court appointment to be representative of the estate, however it was contested by Donna B. Woodcock, the minor daughter's mother, and the appointment was denied. Amelia Larcheveaux sent in paperwork that she was appointed by her nephew, Andre Larcheveaux as his Power of Attorney, however the proper paperwork did not accompany this transmittal. VA concluded it's investigation on September 11, 2015. Ms. Larcheveaux again advised she had filed with the Cobb County Probate Court requesting represtation of her brother's estate, however it was again contested by Ms. Woodcock. The Agency decided to deny the claim as non-amenable to settlement since proper court appointment was not received.

The Agency received a letter from Ms. Woodcock dated March 2, 2016, stating she was notified by the Cobb County Probate Court that a claim was pending for the estate of Andrew D. Larcheveaux. She is claiming that she is the Administrator for his estate in addition to being the Guardian ad Litem for the minor child.

The Department of Veterans Affairs is prepared to make a settlement offer with regard to the allegations in the filed administrative tort claim, however without proper court appointment and evidence of proper court appointment, the Agency is not able to do so. In the best interest of both Mr. Larcheveaux's children, Andre and Victoria, the Agency is asking the Cobb County Probate Court to assist by providing the Letters of Administration to the Estate of Andrew Larcheveaux or assistance in appointing a disinterested party as the Administrator of the Estate in an effort to resolve this claim.

Exhibit S   pg. 212

If you have any questions regarding this matter, please feel free to contact me at (336) 631-5035.

Sincerely,

Daniel C. Rattray
Chief Counsel
336-631-5035



**VA** **U.S. Department of Veterans Affairs**

Exhibit 6     B. 1/1

Office of the General Counsel
Washington DC 20420

In Reply Refer To:  021B: GCL: 8722

August 23, 2016

<u>Certified Mail</u>

Ms. Amelia Larcheveaux
7079 Pleasant Drive
Austell, Georgia 30168

Subject: Administrative Tort Claim regarding Andrew Larcheveaux (deceased)

Dear Ms. Larcheveaux:

This office has completed reconsideration of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is again denied.

The FTCA provides a legal remedy enabling an individual to recover damages under circumstances where the United States, if it were a private person, would be liable. As noted in the initial denial, you did not provide the requested legal documentation to establish that you were appointed personal representative of Andrew Larcheveaux' estate. On reconsideration, documentation of your appointment has still not been provided. Further, you have not provided proper evidence of authority to pursue a wrongful death claim on behalf of Mr. Larcheveaux' child(ren). Therefore, the claim is denied based on the lack of a proper party claimant.

Further action on the matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If such a suit is filed, the proper party defendant would be the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Please accept our condolences concerning the death of your brother, and our gratitude for his service to this country.

Sincerely yours,

*Kathryn Simpson /esl for*

E. Douglas Bradshaw, Jr.
Chief Counsel, Torts & Administrative Law

Exhibit 7

## IN THE PROBATE COURT OF COBB COUNTY
## STATE OF GEORGIA

FILED IN OFFICE

2016 OCT 26  PM 1: 17

PROBATE COURT OF
COBB COUNTY, GA

IN RE: ESTATE OF              )       **ESTATE NO: 13-2029**
ANDREW D. LARCHEVEAUX,     )
DECEASED.                    )

## ORDER

On October 29, 2015, Amelia S. Larcheveaux filed a Petition for Letters of Administration in the above-referenced Estate. Donna Woodcock, mother of the minor heir ("Minor"), was appointed the guardian ad litem for the Minor, and objected to the Petition on November 20, 2015. A Pretrial hearing was held on the matter on June 30, 2016, and the matter was set down for hearing on August 16, 2016. Also on June 30, 2016, Donna Woodcock filed a Petition for Letters of Administration in her individual capacity, seeking that she be appointed Administrator of the Estate. As a result, the Court appointed a new guardian ad litem for the Minor and removed the August 16, 2016 hearing from the calendar. On August 5, 2016, Amelia S. Larcheveaux filed an objection to Ms. Woodcock's Petition for Letters of Administration. Therefore,

The above matter is scheduled for hearing on **Monday, February 6, 2017 at 9:30 a.m.** in Courtroom S, 32 Waddell Street, Marietta, Georgia. All motions for change of hearing date, continuances, change of time, etc., should be directed in writing to the Court, with a copy to opposing counsel, as applicable. If such a motion is granted, a new Notice of Hearing will be mailed specifying the new date and time.

Continuances will not be granted merely by agreement of counsel. Actions will not be removed from a trial calendar after notice of such calendar has been duly given, except by court direction upon such terms as reasonably may be imposed.

There is no official court reporter on staff. If you would like the case reported, please make arrangements accordingly. No delay or continuance of any trial shall be granted in order to allow any party to make such arrangements, except by good cause shown. If any of the parties need an interpreter, please notify the Court as soon as possible so proper arrangements may be made. Please also see Uniform Probate Court Rule 10.1(B).

SO ORDERED this 26<sup>th</sup> day of October, 2016.

Kelli L. Wolk, Judge
Cobb County Probate Court

/kn

Exhibit 8          Pg. 1/4



# Probate Court of Cobb County

## IN THE PROBATE COURT OF COBB COUNTY
## STATE OF GEORGIA

IN RE: ESTATE OF         )
                        )

ANDREW DEMETRUIS LARCHEVEAUX,   )     **ESTATE NO. 13-2029**
DECEASED               )

### LETTERS OF ADMINISTRATION
*[Bond, Inventory and Returns Required]*

At a regular term of Probate Court, this Court granted an order allowing **Amelia Larcheveaux** to qualify as Administrator of the above-named Decedent, who was domiciled in this County at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, and that upon so doing, Letters of Administration be issued to such Personal Representative.

THEREFORE, the said Administrator, having taken the oath of office and complied with all necessary prerequisites of the law, is legally authorized to discharge all the duties and exercise all powers of Personal Representative, according to Georgia law.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this  8th  day of February, 2017.

Judge of the Probate Court

*NOTE: The following must be signed if the Judge does not sign the original of this document:*

Issued by: Joyce Lawson               *[Seal]*

Clerk of the Probate Court

*(SEE INSTRUCTIONS)*

Exhibit 8    pg·2/4

STATE OF GEORGIA
COBB COUNTY
I, THE UNDERSIGNED, Clerk of the Probate Court of
Cobb County, Georgia, DO HEREBY CERTIFY the
within and foregoing is a true and correct copy of the
original as it appears on record and file in the office of the
Probate Court of Cobb County, Georgia and that same is
in full force and effect.
WITNESS my hand and Seal of the Probate Court at
Marietta, Georgia this the _____ day of _____ .

Clerk, Probate Court of Cobb County

Exhibit 8   B. 3/4

IN THE PROBATE COURT OF COBB COUNTY
STATE OF GEORGIA

FILED IN OFFICE
2017 FEB -7 AM 11: 24
PROBATE COURT OF
COBB

IN RE: ESTATE OF        )        ESTATE NO: 13-2029
                        )
ANDREW D. LARCHEVEAUX,  )
DECEASED.               )

### ORDER APPOINTING ADMINISTRATOR

A Petition for Letters of Administration for the above named Decedent was filed by Amelia Larcheveaux on October 29, 2015.  A Caveat was filed by Donna Woodcock on November 20, 2015.  On July 30, 2016, Donna Woodcock filed a Petition for Letters of Administration, and on August 5, 2016, Amelia Larcheveaux filed a Caveat thereto.

The matter came before the Court for a hearing on February 6, 2017.  The Court finds that the Decedent died domiciled within, or domiciled outside the State of Georgia but owning property within, the above County. The Court finds that the Decedent died intestate. The Court further finds that all of the heirs at law were served or acknowledged service. The Court further finds that all requirements of law have been fulfilled.

ACCORDINGLY, IT IS ORDERED that <u>Amelia Larcheveaux</u> is found to be qualified for such office and is hereby appointed Administrator of the estate of the Decedent, and that appropriate Letters be issued upon said Administrator giving bond with approved surety in the sum of <u>$0.00</u> and taking the oath as provided by law. The Administrator(s) shall not make any distribution to a person for the benefit of a minor unless that person is qualified to receive such funds according to law.

~~IT IS FURTHER ORDERED that upon unanimous consent and publication of notice as necessary, the Court hereby: [Initial if applicable.]~~ N/A ⋈

_____ (a) **POWERS GRANTED:** Grants to the Administrator(s) all of the powers contained in O.C.G.A. § 53-12-261.

_____ (b) **REPORTS WAIVED:** Grants to the Administrator(s) the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court; but the fiduciary(ies) shall furnish to the heirs, at least annually, a statement of receipts and disbursements.

_____ (c) **BOND WAIVED:** Waives the specific requirement to post bond.

Exhibit 8   4/4

IT IS FURTHER ORDERED that Administrator shall file a report with the Court within sixty (60) days of the date of mailing of this Order regarding any anticipated recovery for any claim for injury or wrongful death of the Decedent, including the amount and expected date of payment.

IT IS FURTHER ORDERED that a deputy clerk shall serve a copy of this Order on Amelia Larcheveaux, Donna Woodcock, Victoria Larcheveaux, and Andre Larcheveaux by first class mail.

SO ORDERED this ___7th___ day of February, 2017.

Kelli L. Wolk, Judge
Cobb County Probate Court

/kp